Matter of the Estate of GERTRUDE MILLER BAIN, Deceased.

(Surrogate's Court, New York County, October, 1918.)

Transfer tax — domicile of wife established by that of her husband.

> Decedent died in California where she was born and where she lived with her husband who survived her and who was a resident of California. She made annual visits to New York city without her husband and owned a house there. During her stay in the city of New York she made her will in which she described herself as residing at the house she owned but which she did not occupy.
>
> *Held*, that the domicile of decedent is established by that of her husband, and a statement in her will that she was a resident of New York will not fix her domicile in this state.

Section 243 of the Tax Law, as amended by chapter 551 of the Laws of 1916, *held* not applicable to the present case.

PROCEEDING to determine the residence of decedent.

Beekman, Menken & Griscom (S. Stanwood Menken and Sylvanus D. Ward, of counsel), for executors.

Lafayette B. Gleason (John B. Gleason, of counsel), for state comptroller.

COHALAN, S. This matter comes before the court pursuant to a stipulation between counsel for the state comptroller and the executors, respectively, that for the purpose of determining the residence of the decedent the testimony taken before the transfer tax appraiser be considered as if taken before the surrogate.

The decedent was born in California, and died there on the 22d day of June, 1916. It is conceded that Ferdinand R. Bain, husband of the decedent, was at the time of her death a resident of the state of California. An examination of the testimony demonstrates conclusively that no domicile separate from that of her husband was acquired by decedent. She made visits to New York of varying duration every year after her marriage unaccompanied by her husband, but, except for these absences, she lived with him in California. Their relations, the record shows, were entirely harmonious.

It is unnecessary to consider the California statutes cited by the attorney for the state comptroller, which provide that under certain conditions residents of that state are deemed to have abandoned their domicile therein. The question of residence is to be determined

by the laws of this state, and in the present case the domicile of decedent is established by that of her husband. *Hunt* v. *Hunt,* 72 N. Y. 217.

While in the city of New York in 1915 the decedent executed a will dated December 21, 1915, in which she described herself as " residing at 101 East 94th street, Borough of Manhattan, City, County and State of New York." The decedent had acquired the house referred to in the year 1913 and thereafter furnished it. During her stay in New York, at the time the will was executed, she did not occupy the premises, having previously leased them. In view of the controlling fact that the testatrix was a married woman not separated from her husband, the statement in her will that she was a resident of the state of New York will not fix her domicile within this state. *Matter of Hernandez,* 172 App. Div. 467; affd., 219 N. Y. 566.

It is contended by the state comptroller that the decedent was a resident as defined by chapter 551 of the Laws of 1916 amending section 243 of the Tax Law. The concluding paragraph of the amendment is as follows: " The wife of any person who would be deemed a resident under this section shall also be deemed a resident and her estate subject to the payment of a transfer tax as herein provided, unless said wife has a domicile separate from him." As the decedent was married at the time of her death and had no domicile separate from her husband, compliance with the provisions of the amendment just quoted requires that she be deemed a resident of the state for the imposition of the tax, if her husband was a resident under the terms of the amendment.

The statute provides that a person shall be deemed a resident " * * * if and when such person shall have dwelt or shall have lodged in this state during

and for the greater part of any period of twelve consecutive months in the twenty-four months next *preceding his or her death;* and also if and when by formal written instrument executed within one year *prior to his or her death* or by last will he or she shall have declared himself or herself to be a resident or a citizen of this state * * *." The husband of the decedent is alive. The provisions of the amendment are therefore inapplicable.

I find that the decedent was not a resident of the state of New York. The proceeding will therefore be remitted to the appraiser for the purpose of appraising the estate of the decedent as a nonresident of this state.

Decreed accordingly.