Matter of the Transfer Tax upon the Estate of ELIZABETH ANA BROOKS, Deceased.

(Surrogate's Court, New York County, January, 1919.)

Transfer tax — evidence taken before a transfer tax appraiser upon the question of domicile considered — nonresidents.

> Evidence taken before a transfer tax appraiser upon the question of the domicile of decedent who at the time of her death in New York was the wife of a British subject, considered, and *held* that she was not a resident of the state of New York, and that the matter should be remitted for the purpose of appraising her estate as that of a non-resident.

MOTION by state comptroller that it be adjudged that decedent died a resident of the state of New York.

Lafayette B. Gleason (John B. Gleason, of counsel), for motion.

William B. Sprague (T. Ludlow Chrystie, of counsel), opposed.

COHALAN, S. The question of the domicile of the decedent is presented for determination on the evidence taken before the transfer tax appraiser, which, pursuant to the stipulation of the parties, is submitted to the court. The decedent was the wife of Ernest A. Brooks, who is a British subject, born in Cuba of English parents. The testimony shows that it had been the custom of decedent and her husband to stay in Cuba (in which country Mr. Brooks had extensive business interests) until before the commencement of the rainy season in the month of May, returning to Cuba in the late fall or winter. Prior to the out-

break of the war the remainder of the time was spent in traveling, the itinerary including a trip to Europe and a comparatively brief sojourn in New York city. Since the year 1914 the time theretofore spent in the European tour was passed with the children of decedent in New York state. The domicile of decedent's husband was decedent's domicile. *Hunt* v. *Hunt,* 72 N. Y. 217, 242. The state comptroller asserts that there was a change from the domicile of origin, and the burden of proving the fact rests upon him. *Dupuy* v. *Wurtz,* 53 N. Y. 556. The evidence fails to support his contention. The acts of the husband of decedent are not inconsistent with his declaration that at the date of his wife's death he was a resident of Cuba. It is unnecessary to consider the effect of the amendment of section 243 of the Tax Law, by chapter 551 of the Laws of 1916, construed by the Appellate Division in this department in its recent decision in *Matter of Barbour,* 185 App. Div. 445. The amendment has no application to the case under consideration as the husband of the decedent is alive. *Matter of Bain,* 104 Misc. Rep. 508. I find that the decedent was not a resident of the state of New York. The proceeding will, therefore, be remitted to the transfer tax appraiser for the purpose of appraising the estate of the decedent as a non-resident of this state.

Decreed accordingly.